IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH L. JACKSON, an individual
and LOUIS J. CONTENTO, an individual,

    Plaintiff,

v.                                                         Civil No. 03-865 WJ/ACT

HUGH J. MCMARLIN and MARIA
T. MCMARLIN, husband and wife,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion to Amend Original Complaint [Docket No. 7]. Having reviewed the submissions of the parties and the applicable law, I find the motion is well taken and will be granted.

Plaintiff Keith Jackson file the original complaint in this action as the sole Plaintiff. Jackson alleged the subject matter jurisdiction of the Court on the basis of diversity jurisdiction. He asserted that there was diversity of citizenship between himself and the two defendants. With regard to the amount in controversy, Jackson erroneously pleaded that the requisite amount in controversy for diversity jurisdiction was $50,000. However, the face of the Complaint alleged that Jackson invested $150,000 with Defendants, and Defendants lost this money. Jackson sought as actual damages the full amount of $150,000. Additionally, Jackson sought punitive damages in an unspecified amount. Thus, Jackson's original complaint sufficiently alleged the subject matter jurisdiction of this Court.

Plaintiff filed the instant motion to amend the Complaint to add as a Plaintiff Louis J. Contento. The first proposed First Amended Complaint attached to the motion makes the same

allegations with regard to the subject matter jurisdiction of the Court including the erroneous assertion that the requisite amount in controversy under 28 U.S.C. § 1332 is $50,000. The first proposed First Amended Complaint then expresses that Plaintiff Jackson invested $100,000 with Defendants and Contento invested $50,000. The first proposed First Amended Complaint seeks unspecified punitive damages on behalf of both Plaintiffs.

Defendants objected to Plaintiff's motion to amend on the grounds that Contento's proposed claim cannot meet the amount in controversy requirement because he seeks only $50,000 in actual damages. Plaintiff replied that the Court should consider a request for punitive damages in determining whether the amount in controversy exceeds the statutory requirement. Plaintiff also attached a second proposed First Amended Complaint correcting the erroneous assertion of a jurisdictional minimum amount in controversy of $50,000 and asserting that the amount in controversy exceeds $75,000. Additionally, the second proposed First Amended Complaint requests specified punitive damages of $100,000 for Plaintiff Jackson and $50,000 for Plaintiff Contento.

Requests for leave to amend pleadings should be liberally granted. Fed. R. Civ. P. 15. Leave to amend pleadings may be denied when the amendment is untimely or when the amendment would be futile. Bauchman v. West High School, 132 F.3d 542, 559 (10th Cir. 1997). However, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v.

Davis, 371 U.S. 178, 182 (1962).  Moreover, federal law favors the resolution of legal claims on the merits, Walker v. United Parcel Service, Inc., 240 F.3d 1268, 1272 (10th Cir. 2001), and the purpose of the Federal Rules of Civil Procedure is to encourage final dispositions on the merits. Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir.1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading")).

The amount claimed by a plaintiff in pleadings in diversity actions ordinarily controls if the claim is apparently in good faith.  F & S Const. Co., Inc., v Jensen, 337 F.2d 160, 162 (10th Cir. 1964).  Only if it is established **as a matter of law** before or during the trial that a plaintiff was not entitled to recover an amount sufficient to meet the jurisdictional requirement will a court lack subject matter jurisdiction.  Id. (emphasis added).

Here, Plaintiff asks leave to file an amended Complaint which, ultimately, alleges that each Plaintiff seeks damages in an amount exceeding $75,000.  Thus, the amended complaint will not destroy the subject matter jurisdiction of this Court, and there are no grounds on which to deny Plaintiff's Motion to Amend.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend Original Complaint [Docket No. 7] is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE